**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor,<br><br>    Plaintiff,<br><br>vs.<br><br>AFS Technologies, Inc.; Kurien Jacob; Walter Barandarian; Kimberly Curtis; Rebecca Barr; Andi Romano; and the Argentum Group,<br><br>    Defendants. | No. CV-09-2567-PHX-DGC<br><br>**ORDER** |

Plaintiff brought this employment law action by filing a pro se complaint against Defendants on December 8, 2009. Dkt. #1. The complaint asserts race discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981 and a violation of the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 45-59. Defendant AFS Technologies, Inc. ("AFS") has asserted tortious interference counterclaims. Dkt. #11 at 13-17.

Plaintiff has filed motion for partial summary judgment (Dkt. #8) and a motion to dismiss the counterclaims and for sanctions (Dkt. #15). Defendant Argentum Group ("Argentum") has filed a motion to dismiss and the individual Defendants have filed a partial motion to dismiss. Dkt. #12. The motions are fully briefed. No party has requested oral argument. For reasons that follow, the Court will grant the motions to dismiss and deny the motion for partial summary judgment and motion for sanctions.

## I. Plaintiff's Motion for Partial Summary Judgment.

Plaintiff seeks summary judgment on the issue of Defendants' liability. Dkt. #8. Defendants have requested a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Dkt. #19. That rule grants the Court discretion to order a continuance to enable discovery to be undertaken by the party opposing summary judgment. Fed. R. Civ. P. 56(f).

Defendants state that they need to conduct discovery in order to respond fully to Plaintiff's summary judgment motion. Dkt. #19. Defendants have presented an affidavit of counsel describing the anticipated discovery and explaining why the facts sought may be material to issues raised on summary judgment. Dkt. #20. Defendants clearly are entitled to relief under Rule 56(f). *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (district courts should grant a Rule 56(f) request "fairly freely" where the summary judgment motion is filed "early in the litigation, and before a party has had any realistic opportunity to pursue discovery"); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment may be appropriate "after adequate time for discovery"). The Court will grant Defendants' Rule 56(f) request and deny Plaintiff's motion for partial summary judgment without prejudice to refiling after discovery has been completed.

## II. Defendant Argentum's Motion to Dismiss.

Defendant Argentum seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim to relief. Dkt. #12 at 2-6. Argentum argues that the complaint fails to allege facts showing that it participated in any violation of Title VII, § 1981, or the FLSA. *Id.* Argentum is correct.

Plaintiff asserts that a motion to dismiss under Rule 12(b)(6) should not be granted "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" Dkt. #16 at 1 (quoting *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)). That is the wrong legal standard. The Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007), that the "no set of facts" language "is best forgotten as an incomplete, negative gloss on an accepted pleading

standard[.]" *Id.* at 562-63. To survive dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009).

The complaint references Argentum in only two of its 60 paragraphs. Dkt. #1 at 8-9. Those paragraphs allege that Argentum "would not get involved" in the investigation of Plaintiff's complaints and "would not address his concerns of discrimination." *Id.* ¶¶ 22. Plaintiff asserts that Walter Barandiaran ratified and condoned the discriminatory conduct (*id.* at 9, ¶ 22), and Argentum is therefore liable because Barandiaran is both the chairman of AFS and the managing partner of Argentum (Dkt. #16 at 3).

To survive dismissal, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Because the facts alleged do not permit the Court to infer more than the mere possibility of misconduct on the part of Argentum, "the complaint has alleged – but it has not 'shown' – 'that [Plaintiff] is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff contends that by using the plural word "Defendants" in the complaint (*see* Dkt. #1 ¶¶ 55-59), he has clearly included Argentum in the alleged misconduct. Dkt. #16 at 4. But the complaint must give *each Defendant* fair notice of the claims asserted against it and the basis for those claims. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). The factual allegations of the complaint are insufficient to the extent "they are ascribed to defendants collectively rather than to individual defendants." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006).

Plaintiff asserts in his response brief that AFS chief executive officer Kurien Jacob stated that "he reported to Barandiaran and that Argentum Group was the 'Supreme Authority' over operations at AFS, thus deeming Argentum an employer." Dkt. #16 at 3. This new allegation is irrelevant for Rule 12(b)(6) purposes. "In determining the propriety

1 of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's . . .
2 opposition[.]" *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)
3 (emphasis in original).

4 In summary, the complaint alleges no facts showing that Argentum is liable for any violation of Title VII, § 1981, or the FLSA. The Court will grant Argentum's motion to dismiss.

### III. The Individual Defendants' Partial Motion to Dismiss.

The individual Defendants argue, correctly, that the Title VII claims asserted against them fail as a matter of law. Dkt. #12 at 7; *see Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 585, 587-88 (9th Cir. 1993) (individual employees cannot be held liable under Title VII); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee"). The Court will grant the individual Defendants' partial motion to dismiss.

### IV. Plaintiff's Motion to Dismiss Counterclaims.

The counterclaims asserted by AFS allege that Plaintiff interfered with unspecified contracts and business expectancies. Dkt. #11 at 14-16. AFS alleges, "on information and belief," that Plaintiff intentionally "behave[d] inappropriately with AFS's customers in order to damage both AFS's reputation and its relationships with customers." *Id.* at 14, ¶ 15.

Plaintiff argues that the counterclaims should be dismissed under Rule 12(b)(6) as too conclusory to state claims to relief. Dkt. #15 at 3-4. AFS contends that it has provided Plaintiff with a short and plain statement of its claims as required by Rule 8. Dkt. #17 at 2, 4-6. AFS requests an opportunity to amend to the extent the counterclaims are found to be deficient. *Id.* at 2, 6.

Having reviewed the counterclaims and the parties' briefs, the Court finds that a more definite statement of the counterclaims is needed to provide Plaintiff with the "fair notice" required by Rule 8. *See Twombly*, 550 U.S. at 555. The counterclaims are threadbare recitals of the elements of tortious interference, supported by mere conclusory

statements. This is insufficient under *Iqbal*. *See* 129 S. Ct. at 1949.

The Court will grant Plaintiff's motion to dismiss. AFS shall have until April 2, 2010 to file amended counterclaims.

**V.    Plaintiff's Motion for Sanctions.**

Plaintiff moves for Rule 11 sanctions on the ground that the counterclaims are frivolous. Dkt. #15 at 4-5. The motion will be denied because it was not made separately from the motion to dismiss and Plaintiff has not shown that he complied with Rule 11's safe harbor provision. *See* Fed. R. Civ. P. 11(c)(2); *Holgate*, 425 F.3d at 677-78 (noting that Rule 11 places "stringent notice and filing requirements on parties seeking sanctions"); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) ("Failure to provide the required notice precludes an award of Rule 11 sanctions upon [plaintiff's] motion.").

**IT IS ORDERED:**

1. Plaintiff's motion for partial summary judgment (Dkt. #8) is **denied** without prejudice. Plaintiff may refile the motion after the close of discovery.
2. Defendant Argentum Group's motion to dismiss and the individual Defendants' partial motion to dismiss (Dkt. #12) are **granted**.
3. Plaintiff's motion to dismiss counterclaims (Dkt. #15) is **granted**. AFS shall have until **April 2, 2010** to file amended counterclaims.
4. Plaintiff's motion for sanctions (Dkt. #15) is **denied**.
5. The Court will set a scheduling conference by separate order.

DATED this 23rd day of March, 2010.

_____
David G. Campbell
United States District Judge