**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor, | No. CV-09-2567-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| AFS Technologies, Inc.; Kurien Jacob; Walter Barandarian; Kimberly Curtis; Rebecca Barr; and Andi Romano, | |
| Defendants/Counterclaimant. | |

Plaintiff brought this employment law action by filing a pro se complaint against Defendants on December 8, 2009. Dkt. #1. The complaint asserts race discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981, and a violation of the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 45-59. The FLSA claim asserted in count three alleges that Plaintiff was erroneously classified as an exempt employee and is entitled to overtime wages. *Id.* at ¶¶ 54-59.

The parties have entered into a confidential settlement agreement with respect to count three. They have filed a joint motion seeking leave to submit the agreement for *in camera* review and requesting approval of the agreement and dismissal of count three with prejudice. Dkt. #32. The Court will grant leave to submit the settlement agreement for *in camera* review and will approve the agreement and dismiss count three on the condition that the agreement is made part of the public record in this case.

## I. Conditional Approval of the Settlement Agreement.

The FLSA provides that an employee shall receive overtime wages "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA further provides that any employer who violates the overtime wage provision shall be liable to the affected employee in the amount of unpaid overtime wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The court "may approve a settlement if it reflects a 'reasonable compromise over issues.'" *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007) (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

Having reviewed the complaint, the parties' joint motion, and the terms of the proposed settlement, the Court finds that the settlement agreement reflects a fair and reasonable resolution of issues. Defendants have strongly contested liability under the FLSA. There are genuine disputes as to whether Plaintiff worked overtime and whether he was an exempt employee. The settlement agreement does not appear to be a product of collusion between the parties, nor does it appear to be the result of fraud or overreaching on the part of Defendants. The Court concludes that, once made part of the public record, the settlement agreement should be approved "as a fair and reasonable compromise of a bona fide dispute under the FLSA." *Prater*, 2008 WL 5140045, at *2; *see Hand*, 2007 WL 3383601, at *1.

## II. The Settlement Agreement Should Be Made Part of the Public Record.

The parties provided the Court with a copy of the settlement agreement at the case management conference (Dkt. #57), but have not filed it publically or under seal. The agreement contains a confidentiality provision stating that the agreement and all of its terms are "strictly confidential" and may not be disclosed by Plaintiff to any other person or entity.

1  The Court concludes that before being formally approved, the settlement agreement must be made part of the record in this case and may not be filed under seal. Two standards govern requests to seal documents: "compelling reasons" and "good cause." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *amended*, --- F.3d ---, Nos. 04-17485, 04-17558 (9th Cir. May 21, 2010). The "'compelling reasons' standard applies to most judicial records." *Id.* In particular, documents attached to dispositive motions are governed by the compelling reasons standard. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). This higher standard applies because the resolution of a dispute "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted).

Because approval of the settlement agreement will be dispositive of the FLSA claim, the compelling reasons standard set forth in *Kamakana* applies to that agreement. *See White v. Sabatino*, Civ. Nos. 04-00500 ACK/LEK, 05-00025 ACK/LEK, 2007 WL 2750604, at *2 (D. Haw. Sept. 17, 2007) (applying compelling reasons standard to motion to set aside settlement agreement). "Under the [*Kamakana*] 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos*, 565 F.3d at 1116.

The parties' motion (Dkt. #32) does not address the compelling reasons standard. This deficiency is significant given that "there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Prater*, 2008 WL 5140045, at *9; *see Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("The document at issue here, a settlement agreement entered as a stipulated judgment, is not only dispositive of the adjudication and thus falls on the end of the continuum for which the presumption [of openness] is stronger, it is an FLSA wage-settlement agreement between an employee and an employer for [] which the presumption is strongest.") (citation omitted). The fact that the parties' agreement "contains a

confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Prater*, 2008 WL 5140045, at *10; *see Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *1 (M.D. Fla. Apr. 2, 2007) ("In the case of sealing settlement agreements that are approved by the court, once the matter is brought to the court for resolution, it is a public matter. It is immaterial that sealing of the settlement agreement is an integral part of a negotiated settlement between the parties.") (citations omitted).

Absent a compelling reason, which the parties have not provided, keeping the settlement agreement from public scrutiny would "'thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker*, 293 F. Supp. 2d at 1264 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)). The Court will approve the settlement agreement on the condition that it be made part of the public record in this case. *See Idaho Bus. Holdings, LLC v. City of Tempe*, No. CV-06-2137-PHX-FJM, 2007 WL 2390889, at *2 (D. Ariz. Aug. 22, 2007) (denying joint motion to seal settlement agreement for failure to meet *Kamakana*'s compelling reasons standard); *Yaklin v. W-H Energy Servs., Inc.*, No. C-07-422, 2008 WL 4951718, at *1 (S.D. Tex. Nov. 17, 2008) (denying motion to seal settlement agreement where the parties did not present an "extraordinary reason"); *Prater*, 2008 WL 5140045, at *10) (same).

**III. Leave to Withdraw from or File an Unsealed Settlement Agreement.**

Because confidentiality may be an integral part of the settlement of count three, and because the Court will not permit the settlement agreement to be filed under seal, the parties shall have the option of withdrawing from the agreement or moving forward with it and making it part of the public record. If the parties wish to withdraw from the settlement agreement and proceed with count three, they shall file a notice to that effect by June 11, 2010. If the parties decide to proceed with the proposed settlement, they shall, by June 11, 2010, file an unsealed settlement agreement and a separate notice requesting formal approval of the settlement and dismissal of count three.

**IT IS ORDERED:**

1. The parties' joint motion (Dkt. #32) is **granted in part** as set forth in this order.
2. The parties shall have until **June 11, 2010** to file (a) a notice of withdrawal from settlement and intent to proceed with count three, or (b) an unsealed settlement agreement and a separate notice requesting that the Court formally approve the settlement and dismiss count three with prejudice.

DATED this 24th day of May, 2010.

_____
David G. Campbell
United States District Judge