**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor,<br><br>    Plaintiff,<br><br>vs.<br><br>AFS Technologies, Inc.; Kurien Jacob; Walter Barandarian; Kimberly Curtis; Rebecca Barr; Andi Romano; and the Argentum Group,<br><br>    Defendants. | No. CV-09-2567-PHX-DGC<br><br>**ORDER** |

    Plaintiff brought this employment law action by filing a pro se complaint against Defendants on December 8, 2009. Dkt. #1. The complaint asserts race discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981 and a violation of the Fair Labor Standards Act. *Id.* ¶¶ 45-59. Defendant AFS Technologies, Inc. ("AFS") filed an answer and tortious interference counterclaims. Dkt. #11.

    On March 24, 2010, the Court issued an order granting motions to dismiss filed by Plaintiff (Dkt. #15) and Defendant Argentum Group (Dkt. #12). Dkt. #24. The Court granted AFS leave to amend (*id.* at 5), and AFS filed amended counterclaims on April 2, 2010 (Dkt. #28).

    Plaintiff has filed a motion to dismiss the amended counterclaims (Dkt. #29) and a motion for leave to file an amended complaint (Dkt. #30). The motions are fully briefed.

1  Dkt. ##31, 34, 35, 42. Oral argument has not been requested. For reasons that follow, the
2  Court will deny the motion to dismiss and grant the motion for leave to amend.

3  **I.      The Motion to Dismiss.**

4  AFS's amended pleading asserts claims for tortious interference with contract and
5  business expectancy. Dkt. #11 ¶¶ 40-58. Plaintiff seeks dismissal of those claims pursuant
6  to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #29. When analyzing a
7  pleading for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are
8  taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins*
9  *v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6)
10 dismissal, the pleading "need not contain detailed factual allegations; rather, it must plead
11 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.*
12 *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v.*
13 *Twombly*, 550 U.S. 544, 570 (2007)). AFS's claims meet this standard.

14 The amended claims for tortious interference – unlike the original ones, which
15 consisted of threadbare recitals of the elements of tortious interference supported by mere
16 conclusory statements – provide Plaintiff with the "fair notice" required by Rule 8. The
17 elements of a claim for tortious interference are the existence of a contractual or business
18 relationship, knowledge of the relationship on the part of the interferor, and intentional and
19 improper interference causing damage to the relationship. *See Antwerp Diamond Exch. of*
20 *Am., Inc. v. Better Bus. Bur. of Maricopa County, Inc.*, 637 P.2d 733, 740 (Ariz. 1981);
21 *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1043 (Ariz. 1985). The amended
22 counterclaims allege facts that, when taken as true and construed in favor of AFS,
23 sufficiently show that AFS had specific contractual and business relationships with several
24 customers (Dkt. #28 ¶¶ 14-25), Plaintiff had knowledge of the relationships (*id.* ¶¶ 17-18),
25 Plaintiff intentionally and improperly interfered with the relationships (*id.* ¶¶ 21-28), and the
26 relationships were damaged by the interference (*id.* ¶¶ 28-38). *See also id.* ¶¶ 40-58.

27 Plaintiff challenges the claims on the ground that they do not contain specific dates
28 and statements, but a pleading "need not contain detailed factual allegations" to survive a

motion to dismiss. *Clemens*, 534 F.3d at 1022. Plaintiff also challenges AFS's motive for asserting the claims. The relevant inquiry under Rule 12(b)(6), however, is whether a plausible claim is stated on the face of the pleading. *See id.* Finally, Plaintiff presents evidence purportedly showing that AFS believed him to be an exemplary employee and that any loss of business AFS may have suffered was caused not by Plaintiff, but by other employees. While that evidence may be relevant at the summary judgment stage, the Court cannot consider it in ruling on the motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing dismissal under Rule 12(b)(6) where the district court considered extrinsic evidence and factual challenges to the complaint).

In summary, the amended counterclaims contain enough facts to state a plausible claim for tortious interference. The motion to dismiss will be denied.

**II.     The Motion for Leave to Amend.**

Plaintiff has filed a timely motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Dkt. #30. Plaintiff seeks leave to amend to cure deficiencies in his original complaint. *Id.* at 2. Defendants oppose the motion on the grounds that any amendment would be futile and Plaintiff has failed to submit a proposed amended complaint as required by the Court's local rules of civil procedure. Dkt. #35. Plaintiff has submitted the proposed amendment as part of his reply brief. Dkt. #42.

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This is particularly true where, as in this case, the party seeking leave to amend is a pro se litigant. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend."); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action"). Indeed, courts in this Circuit have "long sought to ensure

1 | that pro se litigants do not unwittingly fall victim to procedural requirements that they may,
2 | with some assistance from the court, be able to satisfy." *Waters v. Young*, 100 F.3d 1437,
3 | 1441 (9th Cir. 1996). The Court, in the interest of justice, will grant Plaintiff's motion for
4 | leave to file an amended complaint. *See Neuendorf v. Unknown Party*, No. CV 10-124-PHX-
5 | RCB (DKD), 2010 WL 1743198, at *2 (D. Ariz. Apr. 27, 2010).

**IT IS ORDERED:**

1. Plaintiff's motion to dismiss the amended counterclaims (Dkt. #29) is **denied**.
2. Plaintiff's motion for leave to file an amended complaint (Dkt. #30) is **granted**.
3. Plaintiff shall file the amended complaint by **June 4, 2010**.

DATED this 1st day of June, 2010.

_____
David G. Campbell
United States District Judge