IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor,<br><br>  Plaintiff/Counterdefendant,<br><br>vs.<br><br>AFS Technologies, Inc.; Kurien Jacob;<br>Walter Barandarian; Kimberly Curtis;<br>Rebecca Barr; and Andi Romano,<br><br>  Defendants/Counterclaimant. | No. CV-09-2567-PHX-DGC<br><br>**ORDER** |

Plaintiff Billy Taylor has filed a motion for reconsideration. Dkt. #84. Plaintiff asks the Court to reconsider its ruling, made during the case management conference on May 5, 2010, that Plaintiff could not subpoena the individual Defendants' employment records from their previous employers for the purpose of seeking to discover evidence that these Defendants had lied in employment applications. As the motion notes, the Court denied these discovery requests without prejudice to Plaintiff raising them again if Defendants' prior employment histories become relevant.

Plaintiff is proceeding pro se, but he is not an inexperienced litigant. As he confirmed during the case management conference, this is his nineteenth lawsuit in this court. Eight or nine of Plaintiff's previous lawsuits have asserted race discrimination claims; the remainder have been brought under the Fair Debt Collections Practices Act. Defense counsel asserts that Plaintiff has filed similar lawsuits in Georgia. Dkt. #75.

1       As also discussed during the case management conference, the Court was troubled by
2  Plaintiff's assertion in the parties' Rule 26(f) report that "[d]iscovery will be extremely
3  intrusive in this case[.]"  Dkt. #38 at 8.  Plaintiff confirmed during the case management
4  conference that he wrote this sentence.  The Court viewed the sentence as a threat to
5  Defendants – as Plaintiff's assertion that he would seek to make discovery as intrusive as
6  possible.  The Court was concerned that Plaintiff seeks to use discovery as leverage, as a
7  means of applying financial and personal pressure on Defendants to secure a settlement.

8       Whether or not this is accurate, the Court also is concerned that discovery in this case
9  not be disproportionate to the amount at issue.  Recent studies conducted by the Federal
10 Judicial Center and a recent conference sponsored at Duke University by the Advisory
11 Committee on the Federal Rules of Civil Procedure have confirmed that discovery in federal
12 civil litigation often is excessive and disproportionate to the amount at issue.  Some of these
13 studies have confirmed that litigants frequently settle cases not because of the merits, but
14 because of the cost of litigating.

15      Rule 1 of the Federal Rules of Civil Procedure states that courts should apply the rules
16 to achieve "the just, speedy and inexpensive determination of every action and proceeding."
17 Rule 26(b)(2)(C)(iii) provides that a Court, on its own, "must limit the frequency or extent
18 of discovery otherwise allowed by these rules" if "the burden or expense of the proposed
19 discovery outweighs its likely benefit, considering the needs of the case, the amount in
20 controversy, the parties' resources, the importance of the issues at stake in the action, and the
21 importance of the discovery in resolving the issues."

22      Plaintiff seeks approximately $30,000 in back pay and an undetermined amount in
23 future pay.  Plaintiff also seeks punitive damages and damages for emotional distress.
24 Although Plaintiff valued his claim during the case management conference at $300,000, it
25 appears to the Court that the amount at stake is likely substantially less.

26      In order to accomplish the purposes of Rules 1 and 26(b)(2)(C)(iii), the Court placed
27 substantial restrictions on the discovery in this case.  Those restrictions are found in the
28 Court's Case Management Order (Dkt. #62), and include limits on written discovery, the

1 number of depositions, and the length of depositions.  Consistent with the Court's intent to
2 make discovery proportional to the amount at issue in this case, and to avoid the use of
3 discovery as a tool to force settlement, the Court quashed without prejudice Plaintiff's
4 subpoenas on the former employers of the individual Defendants.  It appeared at the case
5 management conference that Plaintiff's sole objective in obtaining information from
6 Defendants' prior employers was his hope that such information will reveal false statements
7 by Defendants that he can use to impeach their credibility in this litigation.  The Court
8 concluded that such discovery was disproportionate to the amount at issue in this case.  The
9 Court informed Plaintiff that he could raise the issue again if the course of discovery suggests
10 that the previous employment of these Defendants is particularly relevant to the case.

11 Plaintiff's motion for reconsideration simply restates arguments previously considered
12 by the Court.  As a result, Plaintiff has not shown his entitlement to reconsideration under
13 Local Rule of Civil Procedure 7.2(g) or the standards routinely applied by this Court.  *See*
14 *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).
15 Plaintiff's motion for reconsideration therefore will be denied.

16 **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #84) is **denied**.
17 DATED this 1st day of June, 2010.

_____
David G. Campbell
United States District Judge