**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor,<br><br>  Plaintiff,<br><br>vs.<br><br>AFS Technologies, Inc.; Kurien and Prasanna Jacob; Walter and Jane Doe Barandarian; Kimberly and John Doe Curtis; Rebecca and Jason Barr; Andi and John Doe Romano; and the Argentum Group,<br><br>  Defendants. | No. CV-09-2567-PHX-DGC<br><br>**ORDER** |

On July 1, 2010, Plaintiff filed a motion for leave to exceed page limit. Doc. 137. He asserted that he is ready to file a summary judgment motion and needs eight pages more than the allotted seventeen in order to fully articulate the facts in support of summary judgment. *Id.* In an order dated July 14, 2010, the Court denied the motion because Plaintiff had failed to describe the nature of his summary judgment motion or otherwise explain why 25 pages are needed to demonstrate that certain undisputed material facts entitle him to judgment as a matter of law. Doc. 141. Plaintiff has filed a motion for reconsideration of that order. Doc. 142. The motion will be denied.

Plaintiff contends that reconsideration is appropriate because he has made a convincing showing that the Court failed to consider material facts previously presented by Plaintiff. Doc. 142 at 2-3. Plaintiff asserts that because he is proceeding pro se, and because he asserts claims against multiple Defendants, he may not be able to articulate facts in

support of summary judgment within the confines of seventeen pages. *Id.* at 4. The Court considered Plaintiff's pro se status and the nature of the case, including the number of Defendants, in denying the motion to exceed page limit. *See* Doc. 137 at 2.

Plaintiff notes that Rule 56(c) provides that "a party may move for summary judgment at any time until 30 days after the close of all discovery." Doc. 142 at 3 (citing Fed. R. Civ. P. 56(c)(1)(A). That rule further provides that times specified in the rule "apply unless a different time is set by local rule or the court orders otherwise[.]" Fed. R. Civ. P. 56(c)(1). The Court required Plaintiff to file his summary judgment motion after the close of discovery (Doc. 141 at 2) in order to allow for the full presentation of facts and to avoid the need for a continuance under Rule 56(f). Plaintiff has provided no basis for the Court to reconsider that requirement. The Court notes that it will promptly rule on Plaintiff's summary judgment motion (and any motions filed by Defendants) once briefing is complete.

**IT IS ORDERED** that Plaintiff's motion for reconsideration for leave to exceed page limit (Doc. 142) is **denied**.

DATED this 26th day of July, 2010.

_____
David G. Campbell
United States District Judge