**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor, | No. CV-09-2567-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| AFS Technologies, Inc.; Kurien Jacob; Walter Barandarian; Kimberly Curtis; Rebecca Barr; and Andi Romano, | |
| Defendants/Counterclaimant. | |

Plaintiff Billy Taylor has filed a motion for sanctions against Defendants for failure to issue a litigation hold and for spoliation of evidence (Doc. 163), and a motion for sanctions against Defendants' counsel for obstructing discovery and against individual Defendants for allegedly making false statements under oath (Doc. 164). The Court will deny both motions.

**A.  Litigation Hold Motion.**

Plaintiff asks the Court to impose the most severe sanctions possible for Defendants' alleged failure to issue a litigation hold in this case. The Court concludes that the motion is premature. In ruling on a motion for spoliation of evidence, a Court must consider "both the degree of culpability and the extent of prejudice." *Rimkus Consulting Group, Inc. v. Cammarata,* 688 F. Supp.2d 588, 613 (S.D.Tex. 2010). Discovery in this case is not completed. The discovery deadline is October 29, 2010. Doc. 62. The Court concludes that it cannot reasonably address prejudice at this stage of the litigation. The Court will deny Plaintiff's spoliation motion. Plaintiff may raise spoliation arguments in connection with

briefing on any motions for summary judgment, and may seek an adverse jury instruction or other sanctions based on spoliation in a motion in limine filed before the final pretrial conference.

### B. Motion for Sanctions.

Plaintiff's motion for sanctions against defense counsel and various defense witnesses is not well taken. Doc. 164. Plaintiff identifies 18 allegedly false statements made by defense witnesses during depositions. The alleged false statements concern matters as minor as where an interview occurred, whether a particular individual participated in a telephone call, when conversations occurred, and whether witnesses knew whether another individual was in the office on a particular day. Doc. 164.

Plaintiff's allegations of misconduct against defense counsel are equally trivial. Witness Kurien Jacob testified during his deposition that he was out of town on the day Plaintiff was terminated. Jacob testified that he could not recall which city he was in on that date, but it possibly was Boston. He testified that he was in the United States. Doc. 164 at 13-14. Plaintiff asks the Court to impose "severe" sanctions on defense counsel because she has not required Jacob, post-deposition, to identify the precise city in which he was located on the date of Plaintiff's termination.

Plaintiff's motion for sanctions appears to be needlessly multiplying litigation in this case. If Plaintiff disagrees with deposition testimony given by witnesses on relatively minor points, or even on more significant points, he is free to challenge that testimony through his own factual assertions, to impeach it through other evidence, and to cross-examine the witnesses vigorously at trial. Plaintiff need not ask the Court, in the midst of discovery, to wade into depositions, conduct an answer-by-answer evaluation of a witness' credibility, and affirmatively impose litigation sanctions. Nor should Plaintiff ask the Court to severely sanction opposing counsel because she has failed to provide a relatively minor fact in this case – the city where Jacob was located on the date Plaintiff was terminated.

The Court views this motion as consistent with Plaintiff's threat at the outset of this litigation: "Discovery will be extremely intrusive in this case; Plaintiff anticipates that

1  Defendant may not be cooperative during discovery, which may prompt multiple motions to
2  compel information." Doc. 38; *see also* Doc. 75 at 5. As the Court explained during the case
3  management conference, the Court is endeavoring to make the level of litigation in this case
4  proportionate to the amount in dispute. For this reason, the Court placed significant
5  restrictions on the amount of discovery in this case. Doc. 75. The Court will not entertain
6  motions seeking answer-by-answer sanctions for testimony given in litigation.

**IT IS ORDERED** that Plaintiff's motion for sanctions for failure to issue a litigation hold and for spoilation (Doc. 163), and Plaintiff's motion for sanctions against defense counsel and individual witnesses (Doc. 164), are **denied**.

DATED this 18th day of August, 2010.

_____
David G. Campbell
United States District Judge